# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN COIT,<br><br>    Plaintiff,<br>v.<br>MERCK & COMANY, INC., *et al.*,<br><br>    Defendant. | CASE NO. 06-CV-02137-JM(RBB)<br><br>ORDER GRANTING MOTION<br>TO STAY PROCEEDINGS |

Plaintiff Brian Coit moves to remand this action to state court. Defendant Merck & Company, Inc. ("Merck") moves to stay this action pending a final transfer decision by the Judicial Panel on Multidistrict Litigation ("JPMDL"). All motions are opposed. Pursuant to Local Rule 7.1(d)(1), these motions are appropriate for submission on the papers and without oral argument. For the reasons set forth below, the court grants Merck's motion to stay the proceedings.

## BACKGROUND

This case is one of approximately 143 Vioxx products liability cases which Merck removed to this Court from the Los Angeles County Superior Court between September 15, 2006 and the present time. Merck removed these cases alleging diversity jurisdiction. Immediately following removal, Merck notified the JPMDL of this potential tag-along action and sought to have the cases transferred to the United States District Court for the Eastern District of Louisiana (the "MDL court"), which is handling the Multidistrict Litigation case In re Vioxx Products Litigation, MDL No.

1657. On October 17, 2006, the JPMDL issued a Conditional Transfer Order conditionally transferring this and most of the other Vioxx cases to the Eastern District of Louisiana for inclusion in the <u>In re Vioxx Products Litigation</u>. Plaintiff has notified the JPMDL of its opposition to such a transfer. The JPMDL has not yet resolved Plaintiff's opposition to the conditional transfer order.

Plaintiff opposes the transfer of this case to the MDL court in Louisiana. Plaintiff argues the federal courts lack subject matter jurisdiction because one of the Defendants named in the complaint, McKesson Corporation, is a citizen of California. As a result, Plaintiff seeks immediate remand to the state court prior to any transfer to the MDL court in Louisiana.

## **DISCUSSION**

In considering whether to stay an action pending MDL transfer, the court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. <u>Rivers v. Walt Disney Co.</u>, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). In opposition to Merck's motion to stay, Plaintiff points to an isolated few courts which have remanded Vioxx cases rather than stay proceedings to permit the JPMDL to determine whether transfer is appropriate. However, the overwhelming majority of courts, including several judges of this court, have determined that a stay is appropriate pending transfer to the MDL. See <u>In re Vioxx Product Liability Cases</u>, Lead Case No. 05cv943-DMS(LSP) (S.D. Cal. July 11, 2005) (staying 18 consolidated cases pending transfer to the MDL); <u>McCrerey v. Merck & Co.</u>, No. 04cv2576-WQH(WMc) (S.D. Cal. March 5, 2005); <u>Purcell v. Merck & Co.</u>, No. 05cv443-L(BLM) (S.D. Cal. June 6, 2005); <u>Valentine v. Merck & Co.</u>, No. 06cv2154-DMS(JMA) (S.D. Cal. October 23, 2006); <u>Alger v. Merck & Co.</u>, No. 06cv1888-IEG(WMc) (S.D. Cal. November 7, 2006). / / /

The court is concerned that imposing a stay in this case will delay the resolution

1  of Plaintiff's motion to remand. If the case is not stayed, however, both parties face the
2  prospect of having to litigate the issue of subject matter jurisdiction before different
3  courts with the possibility of inconsistent rulings. Furthermore, it is particularly
4  appropriate to delay ruling on the Plaintiff's motion to remand because the cases which
5  this court previously transferred to the MDL court present identical jurisdictional issues
6  regarding McKesson's status as a proper Defendant. A stay of this case will promote
7  consistency and judicial economy.

8  In sum, the court stays the present proceedings.

9  **IT IS SO ORDERED.**

10 DATED: December 11, 2006

11 _____
12 Hon. Jeffrey T. Miller
    United States District Judge

13 cc: All Parties